Paul E. MERRILL, as Executor of the Estate of John B. Merrill, Deceased, and as Administrator of the Estate of Ann T. Merrill, Deceased, Plaintiff,

v.

UNITED AIR LINES, INC., Defendant.

United States District Court
S. D. New York.

Oct. 8, 1959.

See also 151 F.Supp. 104.

Kreindler & Kreindler, New York City, Harry E. Kreindler, Lee S. Kreindler, New York City, of counsel, for plaintiff.

Haight, Gardner, Poor & Havens, New York City, William J. Junkerman, New York City, of counsel, for defendant.

HERLANDS, District Judge.

### I.

Upon the trial of this death action arising out of an airplane crash, plaintiff has offered in evidence three certain Civil Air Regulations as applicable to the flight which resulted in the accident. Plaintiff claims that the Regulations are admissible in evidence as an exhibit, and as such may be taken into the juryroom by the jury, together with all other exhibits, when they retire to deliberate upon their verdict. The contrary position is taken by the defendant, who contends that the Regulations do not present a question of fact for the jury and that, therefore, the Regulations should not be received in evidence.

The Court holds that the particular Civil Air Regulations are, in the circumstances of this case, admissible in evidence, and as such may be treated by the jury as any other exhibit in the case. In Citrola v. Eastern Air Lines, Inc., 2 Cir., 1959, 264 F.2d 815, at pages 816, 817, the Court of Appeals said that the Civil Air Regulations in that case had properly been admitted "into evidence."

In Lobel v. American Airlines, Inc., 2 Cir., 1952, 205 F.2d 927, the Trial Judge permitted the Civil Air Regulations to be marked for identification, but upon defendant's objection, excluded them from evidence. The Court of Appeals, in hold-

ing that no error had been committed in excluding the Regulations from evidence (at page 931), pointed out that the Trial Judge had taken judicial notice of the Regulations; that, in response to plaintiff's attorney's specific requests, the Trial Judge had charged explicitly as to the particular regulations in point; that the jury might otherwise have been diverted from its main task by indulging in "extended" examination of the "entire" manual and that, in examining the entire manual, the jury might consider "improper" matter; and that "the matter seems well within the court's discretion."

In the case on trial, the three Regulations offered in evidence are relatively simple. The entire manual of Regulations is not being offered in evidence. As a practical matter, there is virtually no danger of the character adverted to by the Court of Appeals in the Lobel case. In the exercise of the Court's "discretion"—a discretion recognized in the Lobel case—the Court will overrule the defendant's objection and will admit into evidence the Civil Air Regulations offered by the plaintiff.

## II.

█ Plaintiff intends to prove the pecuniary equivalent of the loss (in terms of estimated replacement cost) to the two surviving children caused by the deprivation of their mother's services. The witness, a professional home economist, will testify as to her opinion concerning the cost of all elements that go into the home in order to provide the services normally rendered by a mother.

The point in immediate controversy is whether the plaintiff should be permitted to present expert testimony on the subject of the nature, extent and cost of providing the children with the personnel and services necessitated by the mother's death. The defendant argues that average laymen, such as jurors, are qualified to decide the question of the value of

substitute maternal care on the basis of common sense and the ordinary experience of life; and that, furthermore, the subject does not come within the principle of permissible expert testimony.

The Court overrules the defendant's objection to the proposed testimony. Weiss v. Pulrang et al. (Supreme Court New York, Westchester County, 1959, unreported ruling by Justice Docher during trial).

To provide orphan children with the best available substitute for a mother, one intelligent course would be to obtain the services of a professional worker trained in the field of home economics. This is a recognized branch of applied economics and sociology. There are established organizations that specialize in this field of economics. Universities give degrees in home economics. The government conducts institutes and publishes papers on home economics.

Popular knowledge and common sense may be and indeed are valuable. But they are not the sole recourse. The fact that parents from time immemorial have taken care of their children does not establish that the views of a professional home economist may not be sounder than those of untrained laymen in determining the cost of those elements that go into the home in order to provide the children with so-called "substitute mother" care.

As knowledge becomes more professionalized, specialists will more frequently be called upon as expert witnesses. This is a judicial by-product of an age of pervasive technology and expanding social sciences.

█ Expert opinion testimony is, of course, not conclusive or binding upon the jury, as will be charged. Such opinion testimony is only advisory. It is to be treated in the same manner as other evidence in the case. The jury may accept or reject all or part of such testimony.